

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. WR-70,722-03

**EX PARTE TILON LASHON CARTER, Applicant**

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. C-371-011057-0949973-B IN THE 2371ST JUDICIAL DISTRICT COURT TARRANT COUNTY

*Per curiam.*

### O R D E R

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure article 11.071 § 5.[1]

In November 2006, a jury found Applicant guilty of the offense of capital murder. *See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the punishment phase special issues set forth in Article 37.071, the trial court sentenced Applicant to death.

---

[1] Unless otherwise indicated, all future references in this order to Articles refer to the Texas Code of Criminal Procedure.

This Court affirmed Applicant's conviction and sentence on direct appeal. *Carter v. State*, No. AP-75,603 (Tex. Crim. App. Jan. 14, 2009) (not designated for publication). We also denied relief on Applicant's initial post-conviction application for writ of habeas corpus. *Ex parte Carter*, No. WR-70,722-01 (Tex. Crim. App. Dec. 15, 2010) (not designated for publication).

On May 8, 2017, Applicant filed in the trial court this, his first subsequent application for a writ of habeas corpus, raising three claims for relief. After reviewing the application, this Court remanded to the trial court for a review on the merits Applicant's first and third claims, set forth below:

Claim 1     "[Applicant's] Due Process Rights Were Violated When the State Presented False or Misleading Testimony by the State Medical Examiner [Dr. Nizam Peerwani] that [the Victim] Had Been Intentionally Smothered"; and

Claim 3     "New Scientific Evidence, Unavailable at the Time of [Applicant's] Trial, Contradicts Scientific Evidence the State Relied on at Trial and Establishes, by a Preponderance of the Evidence, That He Would Not Have Been Convicted Had [I]t Been Presented at Trial."

*Ex parte Carter*, No. WR-70,722-03 (Tex. Crim. App. Sept. 27, 2017) (not designated for publication). The case has now been returned to this Court.[2]

---

[2] On July 29, 2019, while Applicant's claims were pending in the trial court, Applicant filed his second subsequent application for writ of habeas corpus, raising four claims. After review, we determined that the allegations in Applicant's second subsequent application did not meet the requirements of Article 11.071, § 5, and dismissed that application as an abuse of the writ. *Ex parte Carter*, No. WR-70,722-04 (Tex. Crim. App. Mar. 17, 2021) (not designated for publication).

We have determined that these claims should be filed and set.  While the Court will not hear oral argument, it has determined that both parties should file briefs.  In addition to any general briefing of the claims that the parties may wish to include, the parties should brief the following issues:

1. Did any of the evidence presented and admitted at the evidentiary hearing exceed the scope of the claims as Applicant phrased and argued them in his application?

2. If so, should we consider any such evidence?

Briefs from both Applicant and the State are due in this Court within 30 days of the date of this order.  No motions for extension of time to file will be entertained.

IT IS SO ORDERED THIS THE 6TH DAY OF OCTOBER, 2021.


Do Not Publish